IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>EHSAN JAMSHIDI,<br><br>Defendant. | Criminal No. 1:22-cr-233<br><br>The Honorable Michael S. Nachmanoff<br><br>Sentencing: June 13, 2023 |

**POSITION OF THE UNITED STATES**
**WITH RESPECT TO SENTENCING**

The United States of America, by and through its undersigned counsel, in accordance with 18 U.S.C. § 3553(a) and the United States Sentencing Commission Guidelines Manual ("Guidelines"), files this Position of the United States with respect to sentencing. The defendant is before the Court for sentencing following his guilty plea to possession of a machine gun, in violation of 18 U.S.C. § 922(o).

The United States respectfully requests that the Court sentence the defendant to 20 months' imprisonment. Such a sentence is sufficient, but not greater than necessary, to address the 18 U.S.C. § 3553(a) factors, and, in particular, to acknowledge the seriousness of the offense and promote general deterrence.

**I.      BACKGROUND**

In early 2021, the defendant sought to purchase a machine gun. ECF No. 41, at ¶ 25 ("PSR"). To do so, he contacted M.R., an individual who made alterations to rifles. *Id.* at ¶¶ 20–22. Over an approximately four month period, the defendant asked M.R. to make him a machine gun. *Id.* at ¶ 22 ("can you make me an automatic one, please"). The defendant then continued the conversation with M.R., tracking the progress of his order. *Id.* at ¶¶ 22, 25. After further

discussion and negotiations, in April 2021, the defendant paid M.R. $1,800 for a fully automatic rifle. *Id*. at ¶¶ 20, 25. The defendant, an active duty member of the U.S. Marine Corps, took possession of the firearm, a M16-type 5.56mm NATO caliber machine gun without a serial number, in a parking lot aboard Marine Corps Base Quantico. *Id*. at ¶¶ 20, 83.

The Bureau of Alcohol, Tobacco, Firearms and Explosives learned of the defendant's actions as part of a broader investigation into individuals converting and selling fully automatic weapons. *Id*. at ¶¶ 13–20.

On February 2, 2022, soon after the seller's arrest, ATF agents contacted the defendant, advised him of his constitutional rights, and informed him that the seller had been arrested for manufacturing machine guns. *Id.* at ¶ 21. The agents also told the defendant that they believed he was in possession of a machine gun and wanted to recover it. *Id.* The defendant invoked his right to counsel; the agents asked the defendant to have his counsel contact them. *Id*. The agents served him with an ATF warning letter and left. *Id.*

Approximately eight months later, the defendant (with counsel) agreed to meet with ATF special agents through a video teleconference. *Id*. at ¶ 28. During this conversation, the agents advised the defendant that it was a crime to lie to federal investigators. *Id.* He stated that he understood. *Id.* Nonetheless, when asked on two occasions whether he had purchased a firearm from the arrested seller, M.R., the defendant falsely stated that he had not. *Id.* The defendant made this statement knowing that he had, in fact, purchased a firearm from M.R. *Id.*

On November 4, 2022, a Criminal Complaint and Affidavit were filed in the United States District Court for the Eastern District of Virginia charging the defendant with possession of an unregistered machine gun, in violation of 18 U.S.C. § 922(o). *Id.* at 1. Thereafter, the Grand Jury returned a two-count indictment charging the defendant with possession of a machine gun, in

violation of 18 U.S.C. § 922(o), and false statement to a government agency, in violation of 18 U.S.C. § 1001(a)(2). *Id.* at 3. On March 2, 2023, the defendant pleaded guilty, pursuant to a plea agreement, to possession of a machine gun. *Id.* at 4.

## II.   STANDARDS GOVERNING SENTENCING

A court must consult both the Guidelines and the sentencing factors in 18 U.S.C. § 3553(a) to determine a defendant's appropriate sentence. Although the Guidelines are advisory, district courts are required to "consult those Guidelines and take them into account when sentencing." *United States v. Booker*, 543 U.S. 220, 264 (2005); *United States v. Kimbrough*, 552 U.S. 85, 90 (2007). Under the required procedures, a "district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in § 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

The sentence must reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; afford adequate deterrence to criminal conduct; protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). In addition, the sentencing court must consider the nature of the offense and the defendant's history and characteristics; the kinds of sentences legally available; the advisory sentencing range provided by the Sentencing Guidelines; any relevant policy statement issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities; and the need for restitution. *Id*. at § 3553(a). Section 3553(a) requires a district court to impose a

sentence "sufficient, but not greater than necessary" to achieve these goals. Ultimately, the sentence imposed by the court must be reasonable. *See Booker*, 543 U.S. at 260–261.

### III.   SENTENCING GUIDELINES

The Base Offense Level for the defendant's possession of a machine gun is 18, as it is a "firearm described in 26 U.S.C. § 5845(a)." PSR at ¶ 36; U.S.S.G. § 2K2.1(a)(5). The offense level is decreased by 2, as he has accepted responsibility. *Id*. at ¶ 43; U.S.S.G. § 3E1.1(a). Further, the United States moves for an additional reduction of 1 level based on the defendant's timely notification of his intent to plead guilty. *Id*. at ¶ 44; U.S.S.G. § 3E1.1(b). This results in the following guidelines calculation.

| Guidelines | Offense Level |
| --- | --- |
| Base Offense Level § 2K2.1(a)(5) | 18 |
| Acceptance of Responsibility § 3E1.1(a) | -2 |
| Acceptance of Responsibility § 3E1.1(b) | -1 |
| Total | 15 |

The defendant has no criminal history. *Id*. at ¶¶ 46–47. Accordingly, his criminal history score is zero and his criminal history category is I. PSR at ¶ 49.

An offense level of 15 and criminal history category of I results in a recommended guidelines range of 18 to 24 months' imprisonment, which is in Zone D. *Id*. at 15; U.S.S.G. Ch. 5, Pt. A.

### IV.   CONSIDERATION OF THE 18 U.S.C. § 3553(a) FACTORS

A sentence of 20 months' imprisonment is appropriate.

4

A. Nature and Circumstances of the Offense

The defendant possessed a machine gun without registering it with the National Firearms Registration and Transfer Record. This is a serious offense. PSR ¶ 24. Further, the defendant's conduct was not simply a bad decision on a single day. Rather, his acquisition of the machine gun took four months. Because he knew throughout the process that it was unlawful to possess a machine gun, at any time during this period he could have chosen not to complete the purchase. Nonetheless, he acquired the machine gun. And the defendant's criminal conduct did not end with this transfer. Rather, 18 months later, he committed a second criminal offense. In October 2022, he met with ATF agents, while represented by counsel, and told them falsely that he had not purchased a firearm. *Id.* at ¶ 28.

The government has not located this machine gun.

B. History and Characteristics of the Defendant

The United States concurs with the PSR's assessment of the defendant's criminal history, personal history, and characteristics. The defendant's personal narrative is compelling. He was born in Afghanistan in 1994, moved to Pakistan at the age of six, and emigrated to the United States two years later. *Id.* at ¶¶ 54, 57. The defendant joined the Marine Corps at the age of 20. *Id.* at ¶ 83. He has completed multiple overseas deployments and received numerous awards. *Id.* He has no criminal history. *Id.* at ¶¶ 46–47.

However, the defendant's conduct during 2021 and 2022 cut against this mitigation. The defendant knew the importance of complying with the law, including restrictions on the possession of a machine gun. Yet, in 2021, he spent four months attempting to unlawfully obtain such a weapon. Then, he took possession of the machine gun onboard a Marine Corps Base. But, there is no indication that he complied with Marine Corps regulations regarding the presence of

privately-owned firearms on the installation. *See* Marine Corps Base Quantico Order 5501. Finally, he chose to lie to law enforcement about his possession of the firearm.

      C.      <u>The Need for the Sentence to Reflect the Seriousness of the Offense, Afford Adequate Deterrence, and Protect the Public from the Defendant</u>

The serious nature of the offense merits a sentence consistent with the federal guidelines, particularly to deter others from illegally possessing machine guns. While there is no evidence that the defendant used his machine gun for further criminal activity, he directed its production and the whereabouts of the gun are unknown to the United States. These circumstances create a substantial risk. "Gun violence is a national public health epidemic that exacts a substantial toll on the U.S. society." American Academy of Family Physicians, *Prevention of Gun Violence (Position Paper)*. The dangers of such gun violence are increased when the firearm is a machine gun that can fire repeatedly with just one pull of the trigger. Further, machine guns are harder to control than semi-automatic firearms which increases the danger to bystanders.

      D.      <u>Available Sentences</u>

The statutory penalties for the defendant's crime, in addition to a special assessment, are:

- 0–10 years' imprisonment;
- maximum fine of $250,000; and
- maximum of 3 years of supervised release.

18 U.S.C. §§ 922(o), 924(a)(2); 18 U.S.C. § 3583(b).[1]

      E.      <u>The Need to Avoid Unwarranted Sentencing Disparities</u>

Two other individuals have been charged with offenses related to the overall ATF investigation. Paul Hughes sold a machine gun to an individual who he communicated with

---

[1] No restitution is owed.

through Facebook Messenger. *United States v. Hughes*, No. 1:22-cr-192, ECF No. 11, at ¶ 2. When questioned by ATF special agents, Hughes admitted his conduct immediately. *Id*. at ¶ 3. The Court sentenced him to four months' incarceration and two years' supervised release for possession of a machine gun. *Id*. at ECF No. 26.

Marcus Rodriguez sold multiple machine guns. *United States v. Rodriguez*, No. 1:22-cr-30, ECF No. 19. When arrested, he admitted his conduct immediately, pleaded guilty to possession of a machine gun, and is scheduled to be sentenced on July 20, 2023. *Id*. at ECF Nos. 16, 30.

The defendant, through his actions, has situated himself differently than Hughes and Rodriguez. Those other defendants took responsibility for their actions immediately and fully. In contrast, the defendant was slow to accept responsibility for his actions, as evidenced by his decision to lie to ATF special agents during the investigation.

## CONCLUSION

For the foregoing reasons, the United States submits that a sentence of 20 months' imprisonment is sufficient, but not greater than necessary, to satisfy the factors set forth in 18 U.S.C. § 3553(a), and asks the Court to impose that sentence.

Respectfully submitted,

JESSICA D. ABER
United States Attorney

By:             /s/
Nicholas J. Patterson
Marc J. Birnbaum
Assistant United States Attorneys
United States Attorney's Office
Eastern District of Virginia
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3700
Email: nicholas.patterson@usdoj.gov
       marc.birnbaum@usdoj.gov

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 6, 2023, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all counsel of record in this matter.

    I further certify that on this same date, I emailed a copy of the foregoing to the United States Probation Officer assigned to this matter:

    Teneisha L. Smith
    United States Probation Officer
    401 Courthouse Square, 3rd Floor
    Alexandria, Virginia 22314
    teneisha_smith@vaep.uscourts.gov

By:           /s/
    Marc J. Birnbaum
    Assistant United States Attorney
    United States Attorney's Office
    Eastern District of Virginia
    2100 Jamieson Avenue
    Alexandria, Virginia 22314
    Phone: (703) 299-3700
    Email: marc.birnbaum@usdoj.gov